**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 10-233 |
| v. | ) |

ANDRE J. JACKSON

## OPINION AND ORDER

### SYNOPSIS

In this matter, Defendant pleaded guilty to one count of conspiracy with intent to
distribute cocaine. On February 28, 2012, he was sentenced to a term of imprisonment of 188
months, followed by a term of supervised release. His plea agreement included a waiver of his
right to collaterally attack his conviction and sentence. Presently before the Court is Defendant's
Motion pursuant to 28 U.S.C.§ 2255, averring that counsel was ineffective in failing to
investigate or challenge two prior state court felony convictions. He contends that his state court
attorneys, in connection with those convictions, were deficient, and that those convictions were
obtained in violation of his Fourth Amendment rights. This Section 2255 proceeding was stayed
upon Defendant's request, pending the outcome of two Error of Coram Nobis petitions in state
court, challenging the prior felony convictions. Subsequently, at Defendant's request, the stay
was lifted in the present matter. Pursuant to the January 9, 2015 Order lifting the stay, all
additional material relating to Defendant's Motion was to be submitted by February 6, 2015.
Neither party submitted additional material, and the Motion is now ripe for review.

**OPINION**

## I. APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Moreover, it is axiomatic that pro se pleadings are to be construed liberally. Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

## II. DEFENDANT"S MOTION

Generally, in this Circuit, waivers of the right to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008). Claims challenging the voluntariness of a collateral attack waiver, or the effectiveness of counsel with respect to the waiver itself, may survive the waiver. United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

In this context, however, it is important to note Supreme Court's observation that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any

2

findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). In other words, "absent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. United States, No. 04-1570, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008).

Here, Defendant's plea letter contained provided, "Mr. Jackson...waives the right to file a motion to vacate sentence attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." Defendant and his counsel both signed the letter, and the waiver portion of the letter was read into the record at Defendant's plea hearing. During Defendant's plea colloquy, the Court asked Defendant whether he heard and understood. When asked whether he heard and understood what counsel said, he replied in the affirmative. Further, the Court reiterated the collateral attack waiver, and asked Defendant whether he understood. Again, he replied in the affirmative. At no time during the proceeding did Defendant indicate in any way that he misunderstood or was misadvised about the waiver, or any part of the plea agreement, or was in any way coerced into the plea.

I must, however, also look to whether enforcing the waiver would work a miscarriage of justice. In so doing, I am to consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." United States v. Mabry, 536 F. 3d 231, 242 (3d Cir. 2008) (quoting United States v. Teeter, 257 F. 3d 14, 25-26 (1st Cir. 2001)). Courts are to apply the miscarriage of justice exception "sparingly and without undue generosity." United

States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting Teeter, 257 F.3d at 26). Considering these factors, and all of the attendant circumstances, I find that enforcing the waiver does not work a miscarriage of justice. For example, the alleged error is not clear,[1] as he has made no showing of success on his challenges to the prior convictions in state court. Moreover, Defendant acquiesced entirely in the result and did so on the record, it does not relate to the validity of the underlying conviction for the crime charged, and invalidating the plea would have a significant impact on the Government. Defendant has not made a showing sufficient to invalidate the waiver.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

**CONCLUSION**

In sum, Defendant has waived his right to collateral attack, and his Motion must be denied. No certificate of appealability shall issue. An appropriate Order follows.

---

[1] For the same reason, there is no evidence that counsel was ineffective as alleged. Under applicable standards, Defendant must meet a two-pronged test: "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different." Rolan v. Vaughn, 445 F.3d 671, 681 (3d Cir. 2006). At the time of Defendant's plea in the present case, the two state court convictions were, in fact, part of his criminal record. Presently, I cannot conclude that the result would have been different had his federal counsel acted differently, or that his actions fell below applicable standards.

**ORDER**

AND NOW, this 5th day of March, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [824] is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court